CITY FUEL COMPANY *vs.* LYLE A. BROWN.

Suffolk.    November 17, 1925. — February 25, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Bills and Notes*, Consideration, Indorser. *Corporation*, Ultra vires. *Pleading, Civil*, Answer.

In an action upon a negotiable promissory note by the payee against one who had indorsed it before delivery, there was evidence that the maker of the note was a corporation, that it was given in payment for coal which the plaintiff had delivered either to the defendant or to the corporation, but for which it had refused to accept the corporation as debtor, claiming instead to look for payment solely to the defendant to

whom it made the charge on its books. The answer did not set up a defence that the note was *ultra vires* the corporation. *Held*, that

(1) There was evidence warranting a finding of a consideration for a note;

(2) It was not open to the defendant as an indorser to raise the question of the power or capacity of the corporation to make the note;

(3) No question of *ultra vires* was open on the answer.

The fact that a note of a corporation, indorsed by an individual before delivery, was given for a good consideration does not relieve the holder, in an action against the indorser, from proving demand and notice of dishonor as prerequisites to recovery against the indorser.

CONTRACT by the payee against the indorser of a negotiable promissory note for $200. Writ in the Municipal Court of the City of Boston dated August 9, 1924.

Material evidence and requests by the defendant for rulings at the trial in the Municipal Court are described in the opinion. There was a finding for the plaintiff in the sum of $200 and interest. The trial judge reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The case was submitted on a brief by

*J. L. Sheehan*, for the defendant.

No argument nor brief for the plaintiff.

WAIT, J. The Appellate Division of the Municipal Court of the City of Boston dismissed a report of the trial judge who found for the plaintiff; and this case is before us upon the defendant's appeal therefrom.

The action was brought upon a promissory note. The maker appears to be The Landsdowne Corporation. It is signed "The Landsdowne Corp. Lyle A. Brown, Pres." It is indorsed by Lyle A. Brown, the defendant. The report, which recites that the action was upon two notes and which is not clear, states in substance that there was evidence that four notes, each for $200, were delivered by Brown to the plaintiff in payment for coal which it had delivered to either Brown or The Landsdowne Corporation; but for which it had refused to accept the corporation as debtor claiming instead to look for payment solely to Brown to whom it made the charge on its books. The defendant claimed that the coal was delivered to the Shawmut Paper Box Company, a cor-

poration which did business at the place where the coal was delivered and in which he was interested. The plaintiff wrote Brown the day after receiving the notes, that it did not see its way to accept them in settlement, but was willing to accept a demand note for $800, with an agreement that $200 be paid the first of each month beginning with July, and adding "On receipt of this letter, please favor us with such a note and agreement. We will then return the notes which we now have." Apparently no answer was made and no such demand note was sent to the plaintiff. It kept the notes which it had. About the same time, Brown wrote the plaintiff: "No creditors of the Shawmut Paper Box Company nor of mine have been given notes of the Landsdowne Corporation and the reason we are offering them to you is because of the fact that their indebtedness is for coal which was used in the building operation." This is stated by the report to be all the material evidence.

The declaration is in the ordinary form in actions against an indorser; and alleges presentment, refusal of payment, and notice of nonpayment. The answer was a general denial, and a special denial that the plaintiff was a corporation with demand for proof thereof.

The defendant requested that the trial judge rule (1) that on all the evidence the court should find for the defendant; (2) that there is no consideration for the notes declared on; (3) that the notes are the result of an *ultra vires* transaction; (4) that the action of The Landsdowne Corporation was *ultra vires;* (5) that the defendant Brown's liability is a secondary liability, and he would not be liable unless the principal were liable. The judge gave the fifth request, but denied the others. The defendant excepted to the refusal.

The report discloses enough to show that requests 2, 3, and 4 were refused properly. There was evidence which would justify the trial judge in finding a consideration in the delivery of the coal; and that the transaction took place in the course of the ordinary business of the corporation, with nothing to show it was beyond the power of the corporation. The judge, moreover, may have found that the liability for the coal was the personal liability of Brown, and that it was

not open to him as an indorser of the notes which he gave in payment to raise the questions of *ultra vires* or capacity of The Landsdowne Corporation. By indorsing the notes he warranted that they were genuine, that he had good title, and that all prior parties had capacity to contract, as well as that at the time of his indorsement the notes were valid and subsisting. G. L. c. 107, §§ 88, 89. No question of *ultra vires* was open on his answer.

The judge could find that, when no reply was made to its letter requesting a different note, the plaintiff reconsidered its position and retained as holder the note which had been sent to it by the defendant; and that the defendant so understood the situation.

Such findings, however, would not relieve the plaintiff from proving a demand for payment upon the maker and notice of dishonor given to the indorser of the notes and request 1 should have been given. The law is too well settled to require discussion or citation of authority, that proof of demand and of notice of dishonor must be furnished before an indorser can be held liable. The report does not show that any evidence in regard to these essential facts was introduced; and, for that reason, the defendant was entitled to the ruling he asked.

Judgment for the plaintiff, on the record as we have it, was error. The order of the Appellate Division dismissing the report is reversed; the judgment for the plaintiff is set aside, and the action is to stand for further hearing.

*So ordered.*