[L. A. No. 7732.    In Bank.—March 16, 1927.]

## FRATERS GLASS AND PAINT COMPANY (a Corporation), Appellant, v. SOUTHWESTERN CONSTRUCTION COMPANY (a Corporation) et al., Respondents.

[1] MECHANICS' LIENS — MATERIALMEN — RIGHT OF LIEN — WAIVER — RIGHT TO RECOVER ON BOND.—A materialman may waive, by agreement or otherwise, his right to a lien against the building for the construction of which he has furnished material, without in any way impairing his right to proceed against the sureties upon the undertaking given in compliance with section 1183 of the Code of Civil Procedure.

[2] ID.—WRITTEN WAIVER — CONSTRUCTION. — Where a materialman at the time sureties signed the contractor's bond, upon a building contract, delivered to the sureties a writing in which the former agreed "to wait thirty-five days after completion of said building for payment of same, waiving our lien rights," the right to a lien against the property only was waived, leaving the right of action upon the bond in full force and effect in favor of the materialman.

[3] ID.—APPEAL—RECORD ON.—While it is the rule that in the absence of a transcript or bill of exceptions containing all the evidence it will be presumed upon appeal that the evidence adduced at the trial was competent and material and was sufficient to sustain the facts found, such rule has no application in a case where the trial court found that a writing, which respondent claimed waived appellant's right of action, was duly executed by the appellant and where the intention of the appellant in signing and delivering the writing can be ascertained from the clear and unambiguous language of the writing.

[4] ID.—CONSTRUCTION OF WRITTEN INSTRUMENT.—Under section 1860 of the Code of Civil Procedure and section 1647 of the Civil Code, for the purpose of construing an instrument, the circumstances under which it is made may be shown, but these sections apply only in aid of construction in the real sense, and they have no application where it is sought to add to the language an additional term which is not contained therein.

---

(1) 40 C. J., p. 331, n. 80, 82.    (2) 40 C. J., p. 333, n. 24.    (3) 4 C. J., p. 735, n. 27.    (4) 22 C. J., p. 1070, n. 34, p. 1074, n. 35, p. 1075, n. 51, p. 1173, n. 40, p. 1174, n. 41, p. 1177, n. 49, p. 1178, n. 50, p. 1179, n. 51, 55, p. 1186, n. 95, p. 1189, n. 96, 98; 40 C. J., p. 333, n. 35.

1.  See 17 Cal. Jur. 233.
4.  See 6 Cal. Jur. 297, 298.

APPEAL from a judgment of the Superior Court of Los Angeles County. Elliot Craig, Judge. Reversed.

The facts are stated in the opinion of the court.

G. C. De Garmo and H. B. Cornell for Appellant.

Jones & Weller for Respondents.

CURTIS, J.—This action was instituted for the purpose of foreclosing certain materialmen and mechanics' liens. The only cause of action with which we are concerned on this appeal is that on behalf of Fraters Glass and Paint Company, a corporation, the appellant herein. This company sought a judgment against the sureties on the bond given by the contractor to the owner in compliance with the provisions of section 1183 of the Code of Civil Procedure. E. B. Rivers, as the owner of the real property on which the building was constructed, entered into a contract with the Southwestern Construction Company, a corporation, for the construction of said building at an agreed price of $91,000. The contractor gave a bond as required by section 1183 of the Code of Civil Procedure, with the defendants Henry S. Patten and F. W. Patten as sureties, in the sum of $45,500, being fifty per cent of the contract price of said building. There is no claim but that this bond met all the requirements of said section 1183. Under the contract for the construction of said building the appellant, Fraters Glass and Paint Company, furnished glass which was actually used in the construction of said building, the reasonable market value of which was the sum of $5,135.34, no part of which has been paid. Appellant's complaint herein set forth the foregoing facts and asked for judgment against respondents, the said sureties, for the sum of $5,135.34. The respondents in their answer make no denial of the allegations of the complaint, but as a special defense alleged that as a part of the consideration for executing said undertaking and as an inducement to them to execute the same, the appellant prior to the signing of said bond by the sureties executed and delivered to the sureties the following writing: "April 26, 1921. Mr. Henry Patten, Patten & Davies Lumber Co., Los Angeles, California. Dear Sir: In

200 Cal.—44

connection with the contract between the Southwestern Construction Company, and E. B. Rivers, for a building at Seventh and Central, we agree to furnish glass as arranged with Harry E. Martin, to cost approximately $4000.00, and to wait thirty-five days after completion of said building for payment of same, waiving our lien rights. We are doing this, of course, to help Mr. Martin in this deal and are confident that it will be carried to a successful completion. Very truly yours, Fraters Glass & Paint Co. By J. A. Fraters, Pres.'' Mr. Martin was the president of said construction company.

Respondents further allege in their answer that it was the intent and purpose of said plaintiff, the appellant herein, by the execution of said writing to relieve said respondents of the burden of said undertaking to the extent of $4,000, and that had it not been for the execution of said writing by the appellant, respondents would not have become sureties upon said undertaking. The trial court found the allegations of respondents' special defense to be true, and rendered judgment accordingly.

On this appeal the appellant attacks these findings as unsupported by any evidence. Appellant contends that by this writing it did nothing more than waive its right to a lien against the building for which it furnished said material, and that this waiver did not extend to nor include its right to proceed against said sureties on said bond for the amount unpaid on its claim. In this connection appellant contends that as a materialman furnishing materials to be used and which were actually used in the construction of said building, it was given under the statute the right to a lien against said building and the land upon which it was constructed, together with a convenient space about the same, and also a right in case of the nonpayment of its claim to proceed against the sureties on said bond for the amount unpaid on its claim; that these two rights are separate, distinct, and independent of each other, and that by waiving its right to a lien against the real property it in no manner impaired its right of action against the sureties on the bond to recover the amount remaining unpaid upon its claim. In support of this contention, appellant relies upon the case of *General Elec. Co.* v. *American Bonding Co.,* 180 Cal. 675 [182 Pac. 444]. That action was instituted by the plaintiff therein

against the surety upon a bond given in compliance with section 1183 of the Code of Civil Procedure to recover for the value of materials furnished and which were actually used in the construction of the building referred to in said bond. As a defense to said action the surety set up in its answer the failure of plaintiff therein to file any claim of lien under the provisions of section 1187 of the Code of Civil Procedure, and that during the time within which such a claim of lien might have been filed a large sum of money was due from the owner to the contractor, and which should and would have been applied to plaintiff's claim if the lien had been formally asserted. To this defense the trial court sustained a demurrer and granted a motion to strike it out. Upon appeal this court sustained the action of the trial court and held:

"Section 1197 of the same chapter clearly contemplates suits which may be maintained without the previous filing of liens, for it provides that: 'Nothing contained in this chapter shall be construed to impair or affect the right of any person to whom any debt may be due for work done or materials furnished to maintain a personal action to recover said debt against the person liable therefor; . . . but the judgment, if any, obtained by the plaintiff in such personal action shall not be construed to impair or merge any lien held by said plaintiff under this chapter; provided, only, that any money collected on said judgment shall be credited on the amount of such lien in any action brought to enforce the same, in accordance with the provisions of this chapter.' The bond by its terms creates a direct obligation on the part of the surety to pay for materials used in the construction of the building and the right of action on such bond is preserved by said section 1197 as well as by section 1183.

"It can no doubt be persuasively argued that the bond which must 'be also conditioned for the payment in full of the claims of all persons performing labor upon or furnishing materials to be used in the work' relates to *claims* of lien filed within time. But it seems to us that this is a strained interpretation. The mere use of the word 'claim,' which is as apt a description of the demand of the individual who has filed no claim of lien as it is of one who has filed such claim, is not persuasive.

"It is to be noted also that the portion of the section (and of the bond which follows its terms), by which the rights of materialmen are safeguarded, does not use the word 'claims' but the bond is made to 'inure to the benefit of any and all persons who . . . furnish materials to be used in the work described' in the contract.

"But there is another and a very strong reason for rejecting the theory that section 1187 of the Code of Civil Procedure restricts the terms of section 1183 of the Code of Civil Procedure and makes them applicable only to those persons who have filed liens, and that reason is found in the history of the two sections and in the decisions of this court relating thereto."

The court then proceeds to review the history of the legislation affecting these two code sections as well as the decisions of this court relating to such legislation, and concludes by reasserting its conclusion that: "The phrase 'claiming the benefits of this chapter' (found in said section 1187) was thus given a meaning which confined its operation to the benefits of asserting a lien upon the property and did not extend it to include the benefits of any other remedy afforded by the chapter against the owner." This court accordingly held in that case that the waiver of the plaintiff therein of its lien by its failure to file its claim of lien as required by section 1187 of the Code of Civil Procedure did not deprive it of its right of action against the surety on the bond given under the provisions of section 1183 of the Code of Civil Procedure. There can be little, if any, difference between a waiver of lien by a failure to file the claim of lien as required by section 1187 and a waiver by express agreement in so far as such waiver may affect the claimant's right to proceed against the sureties on the bond given under section 1183 of the Code of Civil Procedure. In either case the materialmen or laborers, as the case may be, simply forfeit their right to a lien against the property of the owner without in any way impairing their further and additional right given them under section 1183 to proceed against the sureties upon the bond. This conclusion is in perfect accord with the terms of said section 1183 and with the provisions of the bond in the present proceeding. In said section it is expressly provided that said bond "shall also by its terms be made to inure to the benefit of any

and all persons who perform labor upon or furnish materials to be used in the work described in said contract so as to give such persons a right of action to recover upon said bond in any suit brought to foreclose the liens provided for in this chapter or *in a separate suit brought on said bond,* ... '' (Italics ours.) The bond in the suit herein provides that: "and the same is hereby expressly made to inure to the benefit of any and all persons who perform labor upon or furnish materials to be used in the work described in said contract, or in any modification thereof, and any and all such persons shall have and are given a right of action to recover upon this bond against the said principal and sureties, or either of them, in any suit brought to foreclose mechanic's liens, which may be filed by such persons, or any of them, upon the property mentioned in said contract, *or in a separate suit brought upon this bond,* and may recover in such action or actions the value of such labor done or materials furnished, or both, not exceeding, however, in the aggregate of said recoveries, the amount of this bond, as above specified." (Italics ours.) [1] It is apparent, therefore, that a materialman may waive, by agreement or otherwise, his right to a lien against the building for the construction of which he has furnished material, without in any way impairing his right to proceed against the sureties upon the undertaking given in compliance with section 1183 of the Code of Civil Procedure.

[2] Referring now to the writing signed by the appellant, and which it is claimed by respondents is a waiver of appellant's right to recover in this action on said bond, we find that by its terms it is confined to an agreement to wait thirty-five days after the completion of the building for the payment of its claim and to a waiver of "our lien rights." No reference is made therein as to any waiver of the rights of appellant under said bond. It must be apparent, therefore, of the two rights which the statute gives appellant that by this writing it waived only its right to a lien against the property, leaving its right of action upon the bond in full force and effect and capable of being enforced in a proper proceeding.

[3] It is further insisted, however, that even if it be conceded as true all that has been said herein, yet under the record before us the judgment must be affirmed. This record

does not contain any evidence, but consists merely of a "Stipulation of Facts," with a further stipulation "That the foregoing may be settled as a bill of exceptions." To this was attached the certificate of the trial judge in the following form: "The foregoing stipulation of facts is hereby settled and allowed as a bill of exceptions and the clerk is hereby instructed to file the same, provided, however, that it is to be noted that the foregoing are not all of the material facts or evidence in the case." Respondents claim that as the certificate of the trial judge shows that the bill of exceptions does not contain all the evidence before the trial court, and as the attack on the foregoing findings is based upon the insufficiency of the evidence to support them, that such attack must fail. Undoubtedly it is the rule that in the absence of a transcript or bill of exceptions containing all the evidence it will be presumed that the evidence adduced at the trial was competent and material and was sufficient to sustain the facts found. But this rule can have no application in the present action, where the court found that the writing was duly executed by the appellant, and where the intention of the appellant in signing and delivering the writing can be ascertained from the clear and unambiguous language of the writing. Under what possible theory of the law could any evidence, aside from the writing itself, be received by the court for the purpose of determining the intent of the appellant in the execution and delivery thereof? The writing is conclusively presumed to speak for itself unless it is uncertain or ambiguous. In what respect can it be said that there is any uncertainty or ambiguity in this writing? There is nothing uncertain about that part thereof whereby the appellant agrees to wait thirty-five days after the completion of the building for payment of its claim, neither is there any ambiguity in the further statement that appellant by so doing waived "our lien rights." The writing, therefore, upon its face is perfectly clear and plain. It is free from any uncertainty or ambiguity. In apt language it expresses the intention of the appellant, and any attempt to show by parol testimony a contrary intention would be to vary its express terms, and such testimony would be inadmissible and incompetent. To attempt to show by a writing whereby the appellant in express terms waived its right to a lien that it thereby intended to and did waive its right of action upon

the bond, when no mention, either directly or indirectly, is made in the writing to the bond, would be to vary its plain and unambiguous terms by parol testimony. The rule against such a procedure is so well established that no citation of authority is necessary in support of it.

[4] It is true, under section 1860 of the Code of Civil Procedure and section 1647 of the Civil Code, for the purpose of construing an instrument, the circumstances under which it is made may be shown, but these sections apply only in aid of construction in the real sense. They have no application where it is sought, as here, to add to the language an additional term which is not contained therein. This court in the case of *Payne* v. *Commercial Nat. Bank*, 177 Cal. 68–72 [L. R. A. 1918C, 328, 169 Pac. 1007, 1008], has expressed the rule in apt and convincing language as follows:

"The principal claim of appellant bank is that the trial court erred in refusing to receive parol evidence of the transaction between the plaintiff and the payee named in the check, culminating in the giving of the check, for the purpose of showing the intention of plaintiff to give a check for five hundred dollars to the payee. It seems to be the theory of learned counsel for defendant that under various sections of our Civil Code (1635, 1636, 1637, 1640, 1641, 1643, 1647, 1654), which simply lay down well-settled rules for the construction of the language used in the contract, the ambiguity may be removed and the check treated as one for five hundred dollars. This theory is without any support in the authorities. Rules provided for the construction of contracts are simply for the purpose of ascertaining the true intent and meaning of the *language used therein.* Under these rules parol evidence is admissible where it tends to show the correct interpretation of the language used, the purpose being to enable the court or jury to understand, in the light of the circumstances shown, what the words employed really mean, and to interpret *those words,* in so far as this can reasonably be done, in accord with the intention of the parties as the same may be shown by such circumstances. But no authority sustains the proposition that under the guise of construction or explanation a meaning can be given to the instrument which is not to be found in the instrument itself, but is based entirely

upon direct evidence of intention independent of the instrument. It has been well said that in the admission of extrinsic evidence the line which separates evidence which aids the interpretation of what is in the instrument from direct evidence of intention independent of the instrument must be kept steadily in view, the duty of the court being to declare the meaning of what is written in the instrument, and not what was intended to be written."

From the foregoing we conclude that the writing executed by appellant and given to the respondents was no more than a waiver by appellant of its right to file a lien; that it was not a waiver of its right of action upon the bond given by the contractor to the owner, on which respondents were sureties; that appellant's right to proceed against said sureties was not waived nor in any manner affected by its waiver of a lien; that said writing, in so far as it expresses the intention of the appellant in executing and delivering it to respondents, is clear and unambiguous, and any testimony offered or admitted for the purpose of showing that appellant's intention was different from that expressed in the writing would be inadmissible and incompetent as an attempt to vary the plain and explicit terms of a writing by parol evidence. It follows, therefore, that the finding of the court that appellant intended by said writing to relieve respondents from any of the burdens of said undertaking is unsupported by the evidence. For this reason the judgment must be reversed, and it is so ordered.

Waste, C. J., Richards, J., Shenk, J., Seawell, J., Preston, J., and Langdon, J., concurred.

Rehearing denied.