DAVIS INVESTMENT COMPANY

*vs.*

BERNARD L. CRATTY.

Cumberland.    Opinion September 5, 1928.

*Abraham Breitbard*, for plaintiff.
*Maurice E. Rosen*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

DEASY, J.   Action on a promissory note of the defendant payable to Maine Rickenbacker Co. Inc., indorsed and delivered for value to the plaintiff corporation.   Plea, the general issue.   Verdict for the plaintiff.

The defendant brings the case forward upon exceptions to the refusal of the presiding justice to give (except as contained in the charge) two requested instructions.

A party is not entitled to have a requested instruction given unless it appears that it is sufficiently supported by facts admitted or proved, nor unless it appears that such instruction is correct and not misleading, that it is not covered by the charge and that refusal to give it would be prejudicial to him.

The first instruction requested was:

"The burden is upon the plaintiff to prove that the note in question was indorsed by Maine Rickenbacker Co. Inc. by one of its authorized officers."

This request states the law correctly, but omits an important qualification.   The burden in such cases is upon the plaintiff as claimed.   But the burden is satisfied by the production in evidence of a note and indorsement conforming to the declaration.   No affidavit under Superior Court Rule XII (identical with S. J. C. Rule X) was filed.   Proof of execution and authority was therefore waived.   The note, with its indorsement, having been declared upon, nothing was needed to sustain the burden except to offer it.

The instruction as requested was misleading. Explained and qualified, it would have been non-prejudicial.

True the defendant argues that the indorsement does not conform to the declaration inasmuch as it omits the abbreviation "Inc." This, however, affects only identity, concerning which a reading of the case shows there was no dispute.

The other instruction requested was as follows:

"If the plaintiff was engaged in business of deriving profit from loan or use of money and if this transaction was in carrying on such business, then the plaintiff cannot recover."

This request has reference to Act of 1925, Chap. 193, which provides that:

"A corporation intended to derive profit from the loan of money except as a reasonable incident to the transaction of other corporate business or when necessary to prevent corporate funds from being unproductive, shall be deemed to be doing a banking business."

The Act forbids the doing of such business by corporations other than chartered banks.

This instruction invokes the defense of ultra vires.

Eminent authorities hold that no private litigant but the state only may challenge the right of a corporation to transact business beyond its chartered powers. *Bank* v. *Whitney*, 103 U. S., 99, 26 L. Ed., 443. Thompson on Corporation, 2nd Ed., Vol. 8, Sec. 2840.

See *Farrington* v. *Putnam*, 90 Me., 405, for a comprehensive discussion of ultra vires in a case which, however, involves the subject in a different aspect.

Other authorities hold that to an action by a corporation upon a contract, the making of which is a mere extension of its legitimate power, ultra vires is not a good defense, (*Oakland Co.* v. *Union Co.*, 107 Me., 279) and that such defense cannot be successfully interposed to an action as on an implied contract to recover for actual benefits accruing to the defendant; but otherwise, except as above stated, in case of actions upon express contracts which are ultra vires. *Boom Corporation* v. *Whitney*, 29 Me., 125. *Brunswick Co.* v. *United Co.*, 85 Me., 532. Cook on Corporations, 7th Ed., Vol. 3, pages 2285-6.

Whichever view is adopted the presiding justice was justified, for reasons following, in refusing to give the requested instruction.

When the issue as to corporate authority depends upon facts to be proved contracts of corporations are presumably intra vires.

"Where a contract is not on its face beyond the power of the corporation it is presumed that the corporation has the power to make the contract." Cook on Corporations, 7th Ed., Vol. 3, Page 2230. *R. R. Co.* v. *Bond,* 160 Fed., 403. Thompson on Corporations, 2nd Ed., Vol. 8, Sec. 2779. 10 Cyc, 1155.

The defendant cites *Harding* v. *Hagar*, 60 Me., 340, and *Black* v. *Life Asso.*, 95 Me., 35. But in these cases the illegality was apparent. The law of presumptions had no application.

Again the rules of pleading are fatal to the defendant's exceptions.

When relied upon in defense and not shown by the declaration, ultra vires must be pleaded. 7 R. C. L., 677. 10 Cyc, 1155. Thompson on Corporations, 2nd Ed., Vol. 8, Sec. 3255.

Moreover the requested instruction is not supported by evidence. The record falls short of showing by sufficient evidence to justify a jury in finding it to be a fact, that the plaintiff's purchase of the note in suit was in violation of the statute.

*Exceptions overruled.*