[S. F. No. 13255. In Bank.—October 15, 1929.]

S. W. TOWLE LUMBER CO. (a Corporation), Respondent, v. G. P. ANDERSON et al., Defendants; MARYLAND CASUALTY COMPANY (a Corporation), Appellant.

John Ralph Wilson and Everette C. McKeage for Appellant.

Walter E. Drobisch, Esmond Schapiro and Jones & Dall for Respondent.

LANGDON, J.—This appeal is by the defendant Maryland Casualty Company, surety on a contractor's bond, from a judgment rendered against it in favor of plaintiff, who had furnished materials used in the erection of a building in the city and county of San Francisco.

The complaint was in the usual form for the foreclosure of a mechanic's lien, and joined, as defendants, the owner of the building, the contractor and the surety. The action was dismissed before trial as to the owner, the contractor defaulted and the case was tried against the surety alone, the appellant here. The surety denied the corporate existence of plaintiff, upon information and belief, which was the manner in which all the denials of the answer were made.

The complaint having alleged that the plaintiff was at all of the times referred to therein a corporation duly organized and existing under and by virtue of the laws of the state of California, denial of this allegation, upon information and belief was insufficient to raise an issue. (*Art Metal Construction Co.* v. *A. F. Anderson Co.*, 182 Cal. 29 [186 Pac. 776].)

During the course of the trial, the defendant made a motion asking that it be permitted to amend its answer so as to deny, directly, the allegations of the complaint with reference to incorporation. The court denied the motion, in the exercise of its discretion, stating in effect that, if any defect in the corporate organization existed, it did not go to the merits of the claim, and since it had been waived by the failure to deny the allegations of the complaint with reference thereto, the plaintiff would not be put to its proof on that issue. This ruling is one of the assignments of error upon the appeal, and we think appellant's objection thereto is without merit. Defendant waived objection to plaintiff's capacity to sue because it was not made in the answer. (Secs. 433 and 434, Code Civ. Proc.) In the case of *Kehrlein-Swinerton Construction Co.* v. *Rapken*, 30 Cal. App. 11 [156 Pac. 972, 973], it was said: " . . . it has been held in a long line of well-considered cases bearing upon the rights of partnerships or of corporations to commence or maintain actions until they have complied with certain requirements of the legislature restricting such right, that the plea and proof that such partnerships and

corporations may not maintain actions while under the disabilities provided in such statutes are matters of affirmative defense, and are in the nature of dilatory pleas, which are waived by the failure on the part of the defendant to make the required averments and proof; and that in the absence of such plea and proof a partnership or a corporation, although subject to such disabilities, may still maintain an action and recover and enforce a judgment therein in its own name (citing cases)."

The granting of permission to amend the answer, at the time the privilege was sought, was a matter within the sound discretion of the trial court, which discretion is to be exercised "in furtherance of justice." (Sec. 473, Code Civ. Proc.) We cannot say that there was an abuse of discretion in this case.

The defense that the plaintiff had no capacity to make the contract sued upon was also waived by the failure to plead it. No evidence upon this question was before the court and could not properly have been introduced, because not directed to any issue in the case. The statement of counsel for plaintiff made to the trial judge, in response to his question, was expressly stated to be no part of the record; it was so understood by the trial judge, who ordered it stricken from the record. Under the circumstances, its inclusion here in the briefs, as the basis of an argument on the lack of capacity of the corporation to make the contract, is improper.

The only other question involved upon the appeal is the contention of defendant that it had a right to insist that the payments made by the contractor out of the money which he received from the owner for the erection of the building should be applied upon the obligation for which the defendant was surety and not upon a prior obligation of the contractor, and that since these payments were applied to an obligation of the contractor for which defendant was not surety, defendant is released from its obligation as surety. It appears that the contractor was indebted to the plaintiff for lumber furnished to do other work; that the contractor paid plaintiff several sums of money which he had received upon the building involved in the present controversy, without any request, however, that they be applied in any particular way. The plaintiff, thereupon,

exercised his privilege of applying this money to the oldest indebtedness. This procedure is sanctioned by section 1479 of the Civil Code in so far as the contractor is concerned, and it is assumed in the case of *Ray* v. *Borgfeldt*, 169 Cal. 253 [146 Pac 679], that the surety would be amenable to the same rule as the principal debtor. In 30 Cyc. 1251 it is said: "Third persons, such as guarantors, sureties, indorsers, and the like, secondarily liable on one of the debts, cannot control the application of a payment by either the debtor or the creditor, and neither the debtor nor the creditor need apply the payment in the manner most beneficial to such persons. In *Standard Oil Co.* v. *Day*, 161 Minn. 281 [41 A. L. R. 1291, 201 N. W. 410, 412], the Supreme Court of Minnesota considers this precise legal situation and says: "The position of appellant assumes that a surety has a right that the earnings of the contractor under his contract shall be applied upon the labor and material going into the structure when no agreement is stated in the bond or provided by statute. Our public contractor's bond contemplates that the contractor will receive and disburse his money as suits his convenience. The original contractor in this instance could have protected itself by requiring a bond from the subcontractor. It may have done so. Where the bond is furnished, the surety must recognize the possible occurrence of what here did occur, as one of the perils of its business. In other words, one who becomes surety takes the risk that honest payment of unsecured debts may leave a deficiency which the surety must make good." To the same effect are *Salt Lake City* v. *O'Connor,* 68 Utah, 233 [49 A. L. R. 941, 249 Pac. 810], *People* v. *Powers,* 108 Mich. 339 [66 N. W. 215], and many others cited by respondent.

The judgment is affirmed.

Richards, J., Curtis, J., Preston, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices concurred.