[No. 25181. Department Two. January 17, 1935.]

YAKIMA FRUIT GROWERS ASSOCIATION, *Appellant*, v.
A. M. HALL *et al.*, *Respondents.*[1]

*Richards, Gilbert & Conklin,* for appellant.
*F. E. Gordon,* for respondents.

BLAKE, J.—Plaintiff, alleging it was "a corporation organized and existing under the laws of the state of Washington, and that it has paid its last annual license fee," brought this action against defendants to recover $640.64. In an amended complaint, it set up two causes of action; the first being an action in debt for $429.28, and the second an action on a promissory note for $211.36, and attorney's fee of seventy-five dollars.

Defendants answered, denying all material allegations contained in both causes of action, and set up a counterclaim in which they alleged that on March 28,

[1]Reported in 40 P. (2d) 123.

1932, they had entered into a written "marketing agreement" with plaintiff for the marketing of their fruit; that, thereafter, on the 15th day of August, 1932, the "marketing agreement" was orally modified to the effect that plaintiff would guarantee defendants fifteen dollars a ton for prunes, and pay in addition thereto such sum per ton as the prunes might bring net above fifteen dollars. Defendants further alleged that, pursuant to such oral agreement, they delivered eighty-two tons of prunes to plaintiff, for which the latter had not paid them. Plaintiff, in its reply, denied all the material allegations set up in defendants' counterclaim.

Upon the issues thus made, the cause was tried to a jury. Neither party objected to any material evidence offered by the other under the issues. Each made a case on the facts for the jury. No requests for instructions were made by either party. At the close of the testimony, the court delivered to the jury instructions which were appropriate and pertinent under the evidence and on the issues made by the pleadings. The jury returned a verdict in favor of defendants for $767.49. Plaintiff interposed motions for new trial and for judgment notwithstanding the verdict. Upon argument of these motions, plaintiff, for the first time, suggested that the oral contract set up in defendants' counterclaim was *ultra vires*. The trial court denied the motions, and entered judgment on the verdict. Plaintiff appeals.

The errors assigned all go to the one point, namely, that the oral contract set up in defendants' counterclaim was *ultra vires,* and was, therefore, not binding on appellant.

Briefly, appellant's position is that it, being a cooperative association, has no power to enter into a contract for the purchase of the product of one of its

members. Conceding this to be true, the suggestion comes too late. It is universally held that *ultra vires* is an affirmative defense, unless it is apparent on the face of the pleading. Thompson on Corporations (3d ed.), §§ 3267, 3268; *City Fuel Co. v. Brown,* 254 Mass. 605, 150 N. E. 842; *Wallace Bank & Trust Co. v. First Nat. Bank,* 40 Ida. 712, 237 Pac. 284, 50 A. L. R. 316; *Davis Inv. Co. v. Cratty,* 127 Me. 290, 143 Atl. 61; *Towle Lbr. Co. v. Anderson,* 208 Cal. 371, 281 Pac. 500; *Long Bell Lumber Co. v. Hampton,* 20 S. W. (2d) (Tex. Civ. App.) 1081. In the last cited case, the court said:

"The appellant attempts to raise the question of *ultra vires* under its general demurrer. A general demurrer is insufficient to raise such issue where appellees have alleged a contract fully performed by appellees and unperformed by appellant, as such defenses of *ultra vires* must be specially pleaded in order to be available and cannot be urged for the first time on motion for rehearing or on appeal. A plea of *ultra vires* is a plea in confession and avoidance and must be specially pleaded. . . .

"The appellant's charter is not in evidence, and whether or not the appellant corporation had the power to make this contract granted it under its charter, cannot be determined from the evidence."

So, in the instant case, appellant's articles of incorporation are not in evidence. On the face of the pleadings, there is nothing to indicate that appellant did not have power to enter into the oral contract. Nor is there anything in the evidence to justify the conclusion that appellant did not have power to make it.

██ Appellant points out that the written "marketing agreement" of March 28, 1932, referred to in the answer, was offered in evidence; that recitals contained therein show that appellant was a cooperative marketing association, and did not have power to make the oral contract. The law raises no presump-

tion that a corporation acts beyond its powers. Thompson on Corporations, Supp. 1931, § 3268. We know of no authority holding that a corporation's powers may be derived, enlarged, or limited by recitals in its contracts. The introduction in evidence of the written "marketing agreement" referred to in the answer, did not relieve the appellant of tendering the issue of *ultra vires* by appropriate pleading.

One other question raised on appeal requires notice. Appellant says that a corporation is not presumed to have power to enter into a contract of guaranty. The oral contract set up in respondents' answer was not a contract of guaranty. It was a contract on the part of appellant to buy respondents' prunes at a fixed minimum price.

Judgment affirmed.

BEALS, HOLCOMB, and STEINERT, JJ., concur.