[Civ. No. 6902. Fourth Dist. Jan. 9, 1963.]

JOHN M. FERRY et al., Plaintiffs and Appellants, v. OHIO FARMERS INSURANCE COMPANY, Defendant and Respondent.

652

Sullivan, Sullivan & Fox and Edmond M. Sullivan for Plaintiffs and Appellants.

Burch, Gregory & Platt and R. Sherman Platt for Defendant and Respondent.

COUGHLIN, J.—[ ] This is an action by a materialman against a surety on a contractor's bond to recover the alleged unpaid portion of an indebtedness for materials furnished at the request of the contractor. The case was heard upon a stipulation of facts, from which it appears that a contractor named Posey agreed to do certain construction work upon property owned by a corporation named C. E. Morris, Inc.; in connection therewith, the defendant insurance company, the respondent herein, as surety, and Posey, as con-

tractor and principal, executed a bond pursuant to the provisions of sections 1181 et seq. of the Code of Civil Procedure; thereafter the plaintiffs, appellants herein, at the request of the contractor, furnished materials which were used upon said property in the course of said work; the plaintiffs also furnished other materials to said contractor for other purposes; on September 2, 1960, the total indebtedness of the contractor to the plaintiffs for all materials furnished at his request was the sum of $28,000.79, which included an indebtedness in the sum of $18,525.84, being the reasonable value of the materials furnished in connection with the construction work in question; on the same date the owner "caused to be drawn on construction funds under its control a check, in the sum of $18,525.84, made payable to 'V. E. Posey, [the contractor] . . . and Ferry Brothers [the plaintiffs] . . .' in consideration whereof plaintiffs executed and delivered to the [owner] . . . a written waiver of plaintiffs' statutory materialmens lien rights against" the real property in question; the check was delivered to the contractor who "obtained the endorsement of plaintiffs on said check and simultaneously delivered to plaintiffs a check made payable to the order of plaintiffs in the sum of $18,525.84, drawn on the account of V. E. Posey Construction Company", a corporation; the contractor cashed and retained the entire proceeds of the check issued by the owner, whereas the construction company check delivered by him to the plaintiffs was dishonored on account of insufficient funds; thereupon the plaintiffs brought an action against the contractor and the construction company, which resulted in a judgment in favor of the plaintiffs in the sum of $9,474.95 against the contractor alone, and in the additional sum of $18,525.84 against the contractor and the construction company jointly and severally, together with costs; thereafter, the plaintiffs received on account of said judgment the sum of $21,521.88; and there remains unpaid on the judgment the sum of $8,000.

At this juncture it should be noted that the stipulation of facts contains no statement of the intention of the plaintiffs or the contractor with respect to the transaction involving the endorsement by the plaintiffs and delivery to the contractor of the owner's check which was made payable to both of them, and the simultaneous delivery by the contractor to the plaintiffs of a check in a like amount payable to the latter and drawn on the construction company account.

The findings of fact made by the court follow substantially the stipulation of facts except for the following: "Said check [viz, that drawn by the owner and payable to the plaintiffs and the contractor] constituted payment in full of the amount due and owing to plaintiffs for and on account of the materials furnished by plaintiffs" to the real property in question; and, "If plaintiffs had not accepted, endorsed and surrendered to said V. E. Posey [the contractor] said check in the amount of $18,525.84 drawn on construction funds under the control of C. E. Morris, Inc., and made payable jointly to plaintiffs and said V. E. Posey, there would still be due, owing and unpaid to plaintiffs for and on account of said materials furnished by plaintiffs to . . . [the real property in question] . . . the sum of $8,000."

From the foregoing facts the court drew the following conclusions of law, viz, (1) That the plaintiffs have received payment in full for the materials furnished by them "to" the subject real property at the request of the contractor; and (2) that, in any event, the plaintiffs have waived their right to recover from defendant insurance company "under and pursuant to the terms and provisions" of the surety bond in question.

Judgment was entered in favor of the defendant from which the plaintiffs appeal, contending that the evidence does not support the findings of fact and conclusions of law that they were paid for the materials furnished by them at the request of the contractor and used in the construction work described in the subject surety bond, or that they waived their right to recover from the defendant under that bond. In response thereto and in support of the judgment in its favor, the defendant cites the decisions in *Edwards* v. *Curry,* 152 Cal.App.2d 726 [313 P.2d 613], *Westwood Building Materials Co.* v. *Valdez,* 158 Cal.App.2d 107 [322 P.2d 79], and *Petaluma Building Materials, Inc.* v. *Foremost Properties, Inc.,* 180 Cal.App.2d 83 [4 Cal.Rptr. 268]. However, these decisions are not controlling in the case at bar. Although each of the cited cases involved a materialman who had furnished materials at the request of a subcontractor for use in construction work on designated property, and a payment by check drawn in favor of the materialman and the subcontractor, as copayees, which had been endorsed by the materialman and delivered to the subcontractor who retained the entire proceeds therefrom, in each case the action was against the person who had made the payment, i.e., the drawer of the check

in question, and not against the person at whose request the materials had been furnished, i.e., the copayee of the check or, as in the case at bar, against the latter's surety.

In the instant case there is no indication in the stipulation of facts that the $18,525.84 check payable to the contractor and the plaintiffs, insofar as the latter were concerned, was drawn by the owner for any other consideration than the execution and delivery to it of a written waiver of the plaintiffs' lien rights against the owner's property. The defendant argues that the stipulation merely indicates one of the considerations for the check. The transaction under consideration involved distinct rights and obligations; the owner was indebted to the contractor upon performance by the latter of his obligations under the construction contract; the contractor was indebted to the plaintiffs for materials furnished by them at his request; and the plaintiffs had a lien against the owner's property, upon which their materials were used, to secure payment of the contractor's indebtedness to them. The check in question was given and received as a consideration for a waiver of the plaintiffs' lien rights against the owner's property and as a *pro tanto* payment of the owner's indebtedness to the contractor. However, the facts which establish the issuance and acceptance of the check for these purposes do not support an inference that the check was given and received in payment of the contractor's indebtedness to the plaintiffs. It is noteworthy that the stipulation of facts recites that the plaintiffs *waived* their lien against the owner's property in consideration of the check and not that they acknowledged satisfaction of or discharged that lien.

A materialman may waive his lien against property which is the subject of construction work for which he has furnished materials without in any way impairing his right to proceed against the surety on a contractor's bond posted in connection with that work pursuant to the provisions of the mechanic's lien law, viz., sections 1181 et seq. of the Code of Civil Procedure. (*Fraters Glass & Paint Co.* v. *Southwestern Constr. Co.*, 200 Cal. 688, 693 [254 P. 1097].)

The conditions of a contractor's bond, such as that under consideration in the instant case, are prescribed by sections 1185.1 and 1200.1 of the Code of Civil Procedure. The subject bond expressly declares that it "is executed for the purpose of complying with the Laws of the State of California as contained in Sections 1181, et seq., Code of Civil Procedure and all acts amendatory thereof"; and that it "shall inure to

the benefit of any and all persons who . . . furnish materials to be used in . . . the work designated in said contract [i.e., the construction contract in question], so as to give such persons a right of action to recover upon this bond in any suit brought to foreclose the liens provided for by the Laws of the State of California, or in a separate suit brought on this Bond.'' Section 1200.1 of the Code of Civil Procedure provides, among other things, that ''the sole condition of recovery'' upon the part of a materialman for whose benefit a surety bond is executed shall be that the material furnished by him ''has been used or consumed in . . . the work of improvement to which said bond refers'' and that he ''has not been *actually* paid some part or all of the sums due him for the same.'' (Italics ours.) The plaintiffs have not been actually paid that part of the sums due for material furnished by them and used in the construction work referred to in the subject bond which they now seek to recover. They obtained a judgment against the contractor for the reasonable value of the materials so furnished. The evidence is undisputed that a part of that judgment has not been paid. In support of its position that payment has been effected, the defendant cites and relies upon the provisions of section 1473 of the Civil Code that ''Full performance of an obligation, by the party whose duty it is to perform it, or by any other person on his behalf, and with his assent, if accepted by the creditor, extinguishes it''; contends that the stipulated facts support an inference that the $18,525.84 payment by the owner was made to the plaintiffs on behalf of the contractor to discharge the latter's obligation to the plaintiffs; and concludes that the court's finding of payment must be sustained on this basis. Even assuming the stated premise upon which this argument is predicated, there is neither fact nor inference therefrom which supports the conclusion that the payment by the owner to the plaintiffs and the contractor jointly was accepted by the plaintiffs as payment of the contractor's obligation.

■ ''The burden of proving a particular application of a payment by either the debtor or creditor is on the party claiming that such application was made.'' (*Hollywood etc. Co.* v. *John Baskin, Inc.,* 121 Cal.App.2d 415, 429 [263 P.2d 665].)

■ In the case at bar the burden of proving that the payment by the owner was applied to the debt which the contractor owed the plaintiffs was upon the defendant. The mere fact that the owner drew a check against construction funds

payable to the contractor and the plaintiffs jointly, in an amount equivalent to the contractor's debt to the plaintiffs, did not establish that the check in question was paid to or accepted by the plaintiffs in payment of that debt. The court's finding to this effect is without evidentiary support.

The defendant contends that, nevertheless, by the instant action, the plaintiffs seek to recover on an obligation created by delivery of the construction company's check to them at the time they relinquished the owner's check to the contractor; that this is not an obligation the payment of which is guaranteed by the subject bond; and, therefore, the judgment denying recovery under the bond should be affirmed, citing the decisions in *Cadenasso* v. *Antonelle,* 127 Cal. 382 [59 P. 765] and *People's Nat. Bank* v. *Southern Surety Co.,* 105 Cal.App. 731 [288 P. 827], in support of this position. The cited cases hold that the repayment of money advanced to a contractor by a materialman is not secured by a contractor's bond such as the one at bar. The evidence does not support a conclusion that the plaintiffs, by their instant action, seek to recover money advanced by them to the contractor. Under the stipulation of facts before us, on September 2, 1960, the contractor, Posey, an individual, was indebted to the plaintiffs in the sum of $28,000.79 on account of materials furnished to him, of which $18,525.84 is alleged by the plaintiffs to be the reasonable value of materials furnished to the construction work referred to in the subject bond; on October 7, 1961, the plaintiffs brought an action against Posey, an individual, and also against Posey Construction Company, Inc., a corporation, as defendants, by filing a complaint which alleged that the defendants therein named were indebted to the plaintiffs therein named in the sum of $29,318.46 on account of equipment and materials furnished to said defendants at the latter's request, in consideration of which said defendants promised to pay said sum, and thereafter a stipulated judgment was entered in said action directing recovery by the plaintiffs from Posey, an individual, of the sum of $9,474.95, and from Posey, an individual and the construction company, a corporation, jointly and severally, the sum of $18,525.84, which was the alleged reasonable value of the materials furnished to the construction work in question at the request of Posey, the contractor named in the subject bond. Although Posey had given the plaintiffs a check for $18,525.84 drawn on the construction company's account, the complaint filed against Posey and the corporation did not allege the execution and delivery of this

check or seek recovery thereon. Instead, as indicated, the complaint in question alleged the furnishing of materials at the request of both Posey and the construction company, and their promise to pay for the same. The stipulation of facts does not disclose the intention of the parties to the transaction involving the endorsement by plaintiffs of the $18,525.84 check drawn by the owner and made payable to the plaintiffs and Posey jointly, and the simultaneous delivery by Posey to the plaintiffs of an $18,525.84 check drawn on the construction account. The evidence at hand does not justify a finding that the obligation upon which the plaintiffs seek recovery in this action was an obligation created by the check drawn on the construction company's account rather than an obligation arising out of the furnishing of materials by the plaintiffs, at the request of Posey, which were used in the construction work performed by the latter on the owner's property. (See *Hammond Lbr. Co. v. Richardson Bldg. etc. Co.*, 209 Cal. 82, 86 [285 P. 851].) The court made no such finding. To the contrary, its finding that if the plaintiffs had not accepted, endorsed and surrendered to Posey the owner's $18,525.84 check there still would be ''due, owing and unpaid'' to them the sum of $8,000 on account of materials furnished to the subject construction work at his request, indicates that it gave no consideration to the construction company check transaction, but placed its determination solely on the finding that the owner's check payable to Posey and the plaintiffs, jointly, constituted payment of Posey's indebtedness to the latter. As heretofore noted, this finding is not supported by the evidence.

No contention is made that the amount paid upon the judgment, which the plaintiffs obtained against the contractor and the construction company, was not so allocated as to leave an $8,000 unpaid balance upon that part thereof against the contractor and the construction company jointly and severally. The finding of the court respecting the $8,000 unpaid to the plaintiffs indicates that the amount in question was unpaid on the account for materials furnished by the plaintiffs to the contractor for use in the construction work referred to in the contractor's bond.

 The defendant further contends that, in any event, the plaintiffs have waived their right to recover under the subject bond. This contention was accepted by the trial court, as expressed in its conclusions of law. In support thereof the defendant argues that the plaintiffs violated their duty to it as a surety when they endorsed and surrendered the owner's

check to the contractor; that in so doing the plaintiffs did not act in good faith toward it; and, also, that in so doing the plaintiffs were negligent and, as between them and the surety on the contractor's bond, they must suffer the loss occasioned by this negligence. The acts of the plaintiffs in the premises did not violate any duty to the defendant imposed either by law or the provisions of the subject bond; they were under no obligation to require the contractor to authorize them to retain the owner's check in payment of the contractor's indebtedness to them; and their failure to do so did not constitute a waiver of their right to proceed under the bond. (See *Fraters Glass & Paint Co.* v. *Southwestern Constr. Co., supra,* 200 Cal. 688, 693.) ▮ The surety on a contractor's bond, in substance, guarantees the integrity and solvency of its principal, the contractor, and the probability that it might not be protected against loss because of the inefficiency or trusting spirit of a materialman is a risk incident to its undertaking. (See *S. W. Towle Lumber Co.* v. *Anderson,* 208 Cal. 371, 374-375 [281 P. 500].)

The judgment is reversed with instructions to enter judgment in favor of the plaintiffs in harmony with the views expressed in this opinion.

Griffin, P. J., concurred.

A petition for a rehearing was denied February 4, 1963, and respondent's petition for a hearing by the Supreme Court was denied March 6, 1963.