## Peden Iron & Steel Company v. J. F. McKnight and City of Taylor.

Decided March 23, 1910.

**1.—Demurrer—Assignment of Error.**

An assignment of error in ruling on a demurrer is not available to appellant where the record shows no ruling thereon.

**2.—Findings of Fact—Materiality.**

Error of the court in finding a fact unsupported by evidence is not ground for reversal where the fact is not material to the issues involved.

**3.—Executory Contract—Assignment of Proceeds—Equities of Parties.**

An assignment by a subcontractor of a part of the sum to become due to him in the future upon his executory contract, not accepted by the principal contractor, is subject to the equitable rights of the latter which may arise during the performance. If it becomes necessary to make advances to the subcontractor in order to enable him to perform his contract, the principal contractor has a right, for his own protection, to do so in disregard of the claim of such assignee.

Appeal from the District Court of Williamson County. Tried below before Hon. Charles A. Wilcox.

*Baker, Botts, Parker & Garwood,* for appellant.—The court erred in concluding, as a proposition of law, that the appellee, McKnight, if it was necessary in order to secure the performance of the Lange Manufacturing Company's contract with him, had a right to make the advances to said company in disregard of appellant's assignment. Harris County v. Campbell, 68 Texas, 28; Collins v. United States Ins. Co., 7 Texas Civ. App., 579; Beaumont Lumber Co. v. Moore, 41 S. W., 180; Neely v. Grayson County Bank, 25 Texas Civ. App., 513; Texas Builder's Supply Co. v. National L. & L. Co., 22 Texas Civ. App., 349; Campbell v. Grant Co., 36 Texas Civ. App., 644; Milmo National Bank v. Convery, 8 Texas Civ. App., 181; Clark v. Gillespie, 70 Texas, 515; Drew v. Josolyne, L. R., 18 Queen's B. Div., 590, 595.

*W. A. Barlow,* for appellees.—This being only a partial assignment of an executory contract, that is, the assignment of a portion of the contract price to become due and payable thereunder, and the defendant not having accepted same, he had a right to disregard appellant's assignment and make the advances that he did make to the Lange Manufacturing Co., it being necessary for him to do so in order to secure to himself the full benefits of his contract with the Lange Manufacturing Company. Sunset Brick & T. Co. v. Stratton, 53 S. W., 703; 4 Cyc., 28-29, and authorities cited thereunder; Chicago, B. & Q. R. R. Co. v. Provolt, 93 Pac., 1126; Andrews v. Frierson, 134 Ala., 626; Pomeroy's Equity, par. 291; 2 Am. & Eng. Ency. Law (2d ed.), 1088.

The defendant McKnight had a right to avail himself not only of equities that existed between himself and Lange Manufacturing Company at the time the assignment was given by Lange to appellant and the receipt of notice thereof by McKnight, but also of any equities or set-off that thereafter may have arisen and grown out of the same transaction and contract which gave rise to this assignment. 4 Cyc., 34; Callahan v. Edwards, 32 N. Y., 483; Newfoundland Gov. v. Newfoundland Ry. Co., 13 App. Cases, 199 (Eng.); Bergman v. Macmillan, 17 Ch. Div., 423.

KEY, CHIEF JUSTICE.—The Peden Iron & Steel Company brought this suit against J. F. McKnight and the city of Taylor, and sought to recover the amount of an assignment which the Lange Manufacturing Company had made to the Peden Iron & Steel Company of a part of the contract price of certain labor and materials which it had contracted to furnish J. F. McKnight, the general contractor, for the erection of a building for the city of Taylor.

It is not necessary to set out in detail the pleadings of the several parties, it being sufficient to say that they presented the issues considered and decided by the trial court. The judgment went for the defendants and the plaintiff has appealed. The trial judge filed findings of fact and conclusions of law, which are as follows:

*"Findings of Fact.*—1. Plaintiff is a corporation with its domicile in Houston, Harris County, Texas. The defendant, city of Taylor, is a municipal corporation, located in Williamson County, Texas. The defendant McKnight is a resident of Lavaca County, Texas.

"2. That on the 29th day of March, 1905, the defendant McKnight made and entered into a written contract with the city of Taylor, whereby he obligated himself to erect and construct for the city of Taylor a two-story brick building, to be used by said city as a city hall, in consideration of which the said city of Taylor agreed to pay said McKnight about the sum of $23,313. Said contract as set out in full in the statement of facts is here referred to and made a part hereof. That said McKnight erected said building in accordance with said contract, and the same was finally accepted by the city and the final payment made to said McKnight on same on the 19th day of June, 1906.

"3. That on or about the 24th day of May, 1905, the defendant McKnight made and entered into a written contract with the Lange Manufacturing Company, by which the said company agreed to build and complete all the galvanized iron and tin work, steel ceiling, etc., used in said building, in consideration of which said McKnight agreed to pay said company the sum of $1,800, to be paid in installments as the work progressed. Said contract is referred to as a part of these findings, and reference is made to the statement of facts for a full statement of same.

"4. That the said Lange Manufacturing Company purchased a large portion of the materials necessary to complete said contract from the plaintiff company, for which materials the said Lange Manufacturing Company agreed to pay plaintiff the sum of $989.96; it being further understood and agreed that in consideration of the Lange Company's paying said sum of $989.96 the plaintiff would deliver to the Lange Company the materials specified, and would, in addition thereto, give said Lange Company a credit of $270 on an outstanding account owing by said Lange Company to plaintiff.

"5. That for the purpose of paying or securing the payment of said sum of $989.96 the said Lange Manufacturing Company, on the 26th day of August, 1905, by written assignment, assigned and transferred to plaintiff an interest of $989.96 in the sum of $1,800 to become due to said Lange Company from said McKnight as aforesaid. Reference is made to the statement of facts for said written assignment. That a copy of said assignment and notice of same was at once sent to said McKnight by plaintiff, and was received by said McKnight before any advances were made by him to the Lange Company. That upon its receipt said McKnight notified plaintiff that he would not be responsible for the payment of said sum so assigned.

"6. That the greater portion, if not all, of the materials so furnished the Lange Company by plaintiff were used by said Lange Company in the construction of said city hall.

"7. The city of Taylor had notice, before the final completion and acceptance of said city hall, and before final payment to McKnight therefor, that said materials had been used by said Lange Company in the construction of the city hall, and had notice of the written

assignment to plaintiff and that plaintiff was endeavoring to hold both the city and McKnight for the payment thereof; and that the city, at such time, owed McKnight on said building more than the amount of said assignment.

"8. I find that said Lange Manufacturing Company completed the work under its contract with McKnight, but that a portion of said work was defective, and was rejected by the architect in charge of the construction of said building, and that McKnight, in his settlement with the city, was forced to deduct from the contract price due him by the city about the sum of $310 by reason of such defective work on the part of said Lange Company. That, in addition to such deduction, McKnight thereafter was forced to expend, under his contract with the city, the sum of $81.20 for repairs on the roof of said city hall, due to defective work of said Lange Company. I further find that the steel ceiling selected and used by the city, in said building, cost $93 less than the ceiling specified in the Lange Company's contract; and that it is a general custom among builders and contractors, and is considered a part of the contract where the price of material is specified, to deduct the difference in price where a less expensive material is used. I therefore find McKnight is entitled to a further credit of $93 on the $1,800 contract on account of the selection and use of a cheaper ceiling.

"9. I find that soon after commencing working under its said contract and before any payments had been made on account thereof, the Lange Manufacturing Company represented to the defendant McKnight that it would be unable to carry out its contract in the construction of its part of the work on said building, unless McKnight would make advances to it to pay for the labor necessary for such work and to pay freight and cost of materials sent to it on which payment was required before delivery, and that said McKnight in good faith believed such representations to be true; and I find that said Lange Company would not have been able to carry out its contract with McKnight unless such advances had been made. That said McKnight relying on said representations and in order to secure the performance of its contract by said Lange Company, advanced to said Lange Company during the performance of said work by said Lange Company more than $900 for labor and more than $900 for materials and freight charges, which advances were made on the contract price to become due by McKnight to the Lange Company. I find that McKnight, in the manner hereinbefore set out, has paid to the Lange Company more than the contract price due to it, and that there are no funds in McKnight's possession subject to the payment of the assignment held by plaintiff.

"10. I find that neither the city of Taylor nor any of its officers or agents ever promised or agreed to pay plaintiff the amount of its assignment from the Lange Manufacturing Company.

"11. I find that at the July term, 1908, of this court, this cause was continued on application of defendants, on account of the absence of certain witnesses, without any reservation or provision that such continuance should operate without prejudice to defendant McKnight's plea of privilege.

"12. I find that the allegations in plaintiff's petition and its amended petitions, were not fraudulently made for the purpose of giving jurisdiction to the District Court of Williamson County.

*"Conclusions of Law.*—1. I conclude that this court has jurisdiction to render judgment as to both defendants.

"2. I conclude that under the facts the city of Taylor is not under any obligation to plaintiff, either express or implied, and is not liable to plaintiff for said assignment or any part thereof.

"3. I conclude that the assignment executed by the Lange Manufacturing Company to plaintiff was a valid assignment of the amount therein specified, and that upon notice thereof the defendant McKnight became bound thereby, except as to equities then existing between the Lange Manufacturing Company and McKnight, or equities that in the future might probably and reasonably grow out of said contract.

"4. I conclude that McKnight could not be held to protect said assignment, if his doing so would cause a forfeiture of his contract with the Lange Company and would render said Lange Company unable to carry out said contract and deprive said McKnight of the benefits of said contract. On the other hand, I conclude that Mc-Knight, if necessary to secure the performance by the Lange Company of its contract, and if necessary to secure to himself the benefits of his contract with the Lange Company, had the right to disregard said assignment to plaintiff and had the right to make the advances as set out in the findings of fact. I further conclude that McKnight's letter to plaintiff, refusing to accept such assignment and stating under what conditions he would endeavor to protect plaintiff in its claim, was sufficient to put plaintiff on notice that conditions might arise that would render McKnight unable to protect such assignment.

"5. I therefore conclude that judgment should be rendered against plaintiff and in favor of both defendants."

*Opinion.*—The first assignment of error complains of an alleged ruling of the trial court sustaining a demurrer interposed by the defendant, the city of Taylor, to so much of the plaintiff's petition as sought to establish a lien in favor of the plaintiff upon the property described in the petition. The record does not show that any ruling was made on the demurrer referred to, or that the court sustained any exception to that part of the petition upon which the case was tried, and therefore the assignment presents nothing for decision.

The second assignment complains of so much of the fifth finding of fact as states that upon receipt of a copy of the assignment the defendant McKnight notified the plaintiff that he would not be responsible for the payment of the sum so assigned. Appellant's contention seems to be correct, as the statement of facts fails to show that any such notification was given after McKnight received a copy of the assignment.

It was shown that on the day the assignment was made, but before Mc-Knight had notice of it, in replying to a previous letter received from

the plaintiff requesting him to become the guarantor for the Lange Manufacturing Company, he stated to the plaintiff that he would not guarantee the debt of that company; but we fail to find any testimony in the record to the effect that, after receiving notice of the assignment, he notified the plaintiff that he would not be responsible thereunder. However, we do not regard the finding referred to, although incorrect, as requiring a reversal of the case. McKnight's defense does not depend upon his having given notice to the plaintiff that he would not be responsible for the payment of the sum so assigned. In fact, if immediately upon receipt of notice of the assignment McKnight had repudiated it and declared that he would not pay the plaintiff anything under it, such conduct on his part would have constituted evidence tending strongly to show that the defense he now relies upon was fictitious and untrue.

Although some of the other findings of fact are assailed by appellant, we think they are, in substance, supported by testimony.

Under other assignments it is contended that the court erred in its conclusions of law in holding that McKnight's liability under the assignment was subject to equities which arose between him and the Lange Manufacturing Company after he received notice of the assignment, and that if the law be otherwise, the facts found failed to show such equities as would release McKnight from liability under the assignment. It may be conceded, as contended by appellant's counsel, that an order drawn by a debtor on a specific fund and delivered to the creditor, constitutes an equitable assignment of the fund to the amount of such order, and that notice to the party upon whom the order is drawn is only necessary in order to prevent payment of the fund to the assignor without notice of the prior assignment. However, this being an assignment of part of a sum to become due in the future upon an executory contract, and McKnight not having accepted the assignment, or otherwise made himself a party to that contract, we hold that the assignment should not be held to so affect him as to restrict his right to do anything reasonably necessary to secure to himself the benefits of his contract with the Lange Manufacturing Company. It is true that some authorities express the rule to the effect, that after notice of the assignment the debtor deals with the assignor at his peril, and can do nothing that will adversely affect the interest of the assignee. If intended to apply to all cases and to admit of no exceptions, that statement of the rule is too broad. It should be qualified by the statement that, when the existence of the assigned fund is dependent upon performance by the assignor of an executory contract, the anticipatory debtor may, at any time, do whatever reasonably appears to be necessary to enable the assignor to perform the contract.

If in the case at bar McKnight had arbitrarily and without any excuse, paid to the Lange Manufacturing Company the entire $1,800, after receiving notice of the assignment to appellant, it may be that equity would hold him liable, and compel him to pay the amount of the assignment. But if, as the findings of the trial court in effect show, it was necessary for him to pay to or on behalf of the Lange Manufacturing Co. the entire $1,800, in order to obtain performance

by that company of its contract with him, such conduct was not arbitrarily in disregard of appellant's rights, but was reasonable and necessary for the protection of McKnight's own interest; and therefore he had the right, in both law and equity, to pursue that course.

No reversible error has been pointed out and the judgment is affirmed.

*Affirmed.*