[Civ. No. 7880. First Appellate District, Division Two.—July 31, 1931.]

CHAS. L. CONTE, Appellant, v. JANIS BUSBY, etc., et al., Respondents.

Russell P. Tyler for Appellant.

Byrne & Lamson for Respondents.

NOURSE, P. J.—Plaintiff sued on a common count for money had and received in the sum of $1,015.20. The cause was tried without a jury. Judgment went for plaintiff against defendant Busby for $145, and for the other defendant for its costs. Plaintiff appeals upon typewritten transcripts.

On April 15, 1929, plaintiff sold to defendant Busby his leasehold interest together with the furnishings and equipment of certain premises to be used as a house of prostitution. In payment Busby gave plaintiff a postdated draft for $1,015.20 drawn in her favor by Wm. Cavalier & Co. upon Logan & Bryan. Plaintiff accepted the draft and paid Busby the sum of $145 representing the difference between the agreed purchase price of the property and the face of the draft. Before the draft became legally presentable for payment defendant Busby stopped payment and claimed the property purchased did not meet representations. She thereafter obtained possession of the draft from plaintiff on the promise that she would have it paid and accompanied plaintiff to the office of her co-defendant, where she presented the draft with instructions to disregard her former protest and to pay the money to her. Plaintiffs made no objection of these instructions, but did inquire if the money could be paid to him and was informed: "Yes, if Mrs. Busby says to." Later in the same day Mrs. Busby returned alone and received payment for the full amount of the draft. Plaintiff's testimony differed in some respects from what has been stated, but there is ample evidence in the record to sustain the findings of the trial court and it would serve no purpose to repeat that testimony here.

■ The case is controlled by the general principle that where a part of a consideration for one or more objects is void the whole contract is void. (Civ. Code, sec. 1608.) The trial court found that the indorsement by Busby of the draft was in consideration of and for the purpose of enabling her to conduct a house of prostitution, which is declared an unlawful act. (Pen. Code, sec. 316.) This assignment, or indorsement, was, therefore, void, and was unenforceable in the hands of the appellant as he took it with full knowledge of the unlawful consideration. ■ "A void contract, a contract against public policy or against the mandate of the statute, may not be made the foundation of any action, either in law or in equity. (*Estate of Groome,* 94 Cal. 69 [29 Pac. 487] ; *Buck* v. *Eureka,* 109 Cal. 504 [30 L. R. A. 409, 42 Pac. 243].)" (*Chateau* v. *Singla,* 114 Cal. 91, 94 [55 Am. St. Rep. 63, 33 L. R. A. 750, 45 Pac. 1015].) See *Haruko Takeuchi* v. *Schmuck,* 206 Cal. 782, 786 [206 Pac. 345, 346], where many cases are cited to the same point, and where the Supreme Court say that this rule is enforced from a regard for the interest of the public "whose welfare demands that certain transactions be discouraged".

■ The debatable point raised on this appeal is whether respondents may avail themselves of this defense, not having specially pleaded it. Appellant cites *Sharon* v. *Sharon,* 68 Cal. 29 [8 Pac. 614], and similar cases holding that unless the illegality appears on the face of the instrument, or is brought out without objection, evidence is not admissible to prove it unless the defense has been specially pleaded. Respondent relies on the rule that where the defendant does not set up the defense of illegality, "but the case made by the plaintiff or the defendant shows illegality, it becomes the duty of the court, *sua sponte,* to refuse to entertain the action". (*Dean* v. *McNerney,* 91 Cal. App. 206, 208 [266 Pac. 975, 976].) In the early case of *Valentine* v. *Stewart,* 15 Cal. 387, 405, the Supreme Court say: "If, from the plaintiff's own stating or otherwise, the cause of action appears to arise *ex turpi causa,* or the transgression of a positive law of this country, there the court says he has no right to be assisted. It is upon that ground the court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff." To the same effect are:

*Kreamer* v. *Earl,* 91 Cal. 112, 117 [27 Pac. 735] ; *De Leonis* v. *Walsh,* 140 Cal. 175, 182 [73 Pac. 813] ; *Domenigoni* v. *Imperial Live Stock etc. Co.,* 189 Cal. 467, 476 [209 Pac. 36].

Though he does not concede the rule of these cases, appellant voices the objection that all the evidence of the illegality of the transaction was improperly admitted. The record shows that he made no objection to the testimony on the ground that the defense was not pleaded; but that he objected solely on the ground that it was not competent nor material in relation to the case of Wm. Cavalier & Co. The objection was overruled at the time with leave to appellant to move to strike it out and to argue the point. The record does not disclose that the motion to strike was later brought to the attention of the court or that a ruling was made upon it, though, at the close of the case, appellant asked leave to submit authorities on ''the point of law as to consideration''.

The grounds urged in the objection—that the evidence of illegality was not available to the third party—are not good. (6 Cal. Jur., p. 150, note 6.) If the motion to strike the testimony on the grounds now urged—the failure to plead the defense—was not made or was not urged, the failure to do so under the circumstances was a waiver of any objection to the admission of the testimony. (*Estate of Wempe,* 185 Cal. 557, 564 [197 Pac. 949], and cases cited.)

We find no error in the record.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.