[Civ. No. 14046.  Second Dist., Div. Three.  Dec. 21, 1943.]

DAVE APPEL, Respondent, v. GARRETT A. MORFORD et al., Appellants.

Harry T. Young, Earl G. Read and Arthur Lasher for Appellants.

Ira Ratner for Respondent.

SHINN, J.—Appeal by defendants from a judgment foreclosing a trust deed given to secure payment of a note executed by defendants in favor of Pacific Construction Finance Company, Ltd. Plaintiff sued as assignee of the corporation. The note and trust deed were given in connection with an agreement of the construction company to build a house and garage for defendants and evidenced the major part of the consideration therefor. The building was completed, defendants made certain payments on the note and, after they had defaulted, plaintiff, who had acquired the note from the company in the meantime, brought suit.

One of the special defenses, and the only one urged on the appeal, was that the note was void for the reason that the construction company at the time of entering into the contract and during the construction was in default in renewing its license as a building contractor, as required by section 7138 of the Business and Professions Code (Stats. 1939, p. 395; also p. 2718). Plaintiff's answer to this contention is two-fold: that, as the court found, the corporation was not, within a proper construction of the pertinent code sections, "unlicensed" at any time and that plaintiff was a holder in due course and held the note free from the asserted defense.

Section 7031 of the Business and Professions Code (Stats. 1939, p. 384) provides as follows: "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract." Licenses expire on June 30th of each year. Application for renewal, accompanied by the annual renewal fee, must be filed before that date; otherwise the license "shall be *ipso facto* suspended and shall be renewable only on the payment of the penalty fixed by this chapter in addition to the current renewal fee. Unless so renewed the license shall remain suspended during the remainder of the fiscal year." (Sec. 7138.)

The building contract was executed August 3, 1940, and was substantially completed in the following November. The corporation had been duly licensed, but it neglected to pay

the annual renewal fee which fell due June 30, 1940, until December 16, 1940, at which time a renewal certificate expiring June 30, 1941, was issued.

The court found that the corporation was a duly licensed contractor at all times during the performance of the contract. We find it unnecessary to decide whether the evidence supported this finding.

We are of the opinion that the finding that plaintiff was a holder in due course is supported by the evidence. The evidence was that about a month before the license was renewed plaintiff purchased the note and trust deed from the corporation for $3,535.66, which was the approximate unpaid balance at that time. Plaintiff was the owner of a little more than one-half of the outstanding stock and was president and general manager of the corporation. He testified, without contradiction, that he had no knowledge or information at the time he bought the note that the corporation's license had not been renewed. Defendants' argument is that as president and general manager of the corporation plaintiff will be conclusively presumed to have had knowledge of the fact that the license had not been renewed and that it necessarily follows that he could not become a holder in due course of the note. Defendants cite no authority and we think none is to be found which supports their position.

Section 3137 of the Civil Code reads as follows: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." It is to be inferred, from the finding that plaintiff was a holder in due course, that the court found it to be a fact that plaintiff had no knowledge of the failure of the corporation to renew its license and also that in taking the instrument he acted in good faith. During the period of the corporation's delinquency it accepted securities from customers amounting to $168,000, and in the same period plaintiff purchased securities from the corporation to the amount of $35,000, and there was no evidence which tended to prove that plaintiff had an ulterior motive in acquiring such securities or that he paid the corporation less than their full value. It was stated in *Heney* v. *Sutro & Co.* (1915), 28 Cal.App. 698 [153 P. 972],

at 702: "As understood in law the phrase 'in good faith' has a settled and well-defined meaning, which generally imports that in any given case the transaction involved was honestly conceived and consummated without collusion, fraud, or knowledge of fraud, and without intent to assist in a fraudulent or otherwise unlawful design." In that case defendant's cashier had had actual notice that certain bonds of plaintiff had been lost or stolen, had made a written memorandum of the fact and placed it on the desk of defendant's bookkeeper. Defendant later purchased and then sold one of the bonds, and in an action for conversion of the bond the court found that defendant had acted in good faith. In upholding this finding the court said (p. 702): "The defendant was under no legal obligation to encumber either its memory or the minutes of its business with a record of notices given to it of the loss of immature negotiable commercial paper (*Vermilye & Co.* v. *Adams Express Co.*, 21 Wall. 138 [22 L. Ed. 609]) and therefore, notwithstanding the notice to its cashier, the defendant may well have purchased the bond in suit in good faith, for 'It is sufficient to constitute good faith that the holder has no knowledge of the defect of title at the time when he took the instrument, although he may have had notice at some previous time.' (Story on Promissory Notes, p. 269. Note.)" ▮ In the instant case the fact that plaintiff, if he had inquired of the bookkeeper or had otherwise investigated, would have found that the renewal fee had not been paid would not in itself have supported a finding of bad faith. ▮ And even if plaintiff's failure to keep the corporation's license in good standing should be regarded as a negligent omission of duty, it still would fall short of bad faith. In the general corporation law (Civ. Code, sec. 330.21(b)), in the law relating to sales (Civ. Code, sec. 1796(2)), and in the uniform bill of lading law (Civ. Code, sec. 2132b(2)) good faith is defined as an act done honestly, whether it be done negligently or not. The obvious distinction between bad faith and negligence as applied to the law of negotiable instruments has been frequently emphasized. (5 Words and Phrases, p. 14.) ▮ If, upon proof that the corporation's license had been suspended, it devolved upon plaintiff to prove that he made a good faith purchase of the note during the period of the suspension, he met the requirement of proof on this issue by uncontradicted evidence that he had no knowledge of the failure to pay the renewal fee

until long after he had purchased the note. The implied finding of good faith is a finding that plaintiff acted honestly and we do not find in the evidence any basis for a contrary finding. If it should be granted that it was a part of the general duties of plaintiff as president and general manager to see to it that the corporation remained in good standing, it is more reasonable to suppose that his failure was negligent than wilful. His state of mind and motives must be judged according to what he knew rather than by what he might have learned if he had made inquiry. The finding that plaintiff was a holder in due course was justified and is sufficient in itself to support the judgment.

Defendants question the right of plaintiff to acquire the note because of his position as president of and owner of a controlling stock interest in the corporation. That transaction was of interest only to the contracting parties and may not be questioned by strangers.

The judgment is affirmed.

Desmond, P. J., and Shaw, J. pro tem., concurred.