[Civ. No. 17235.   First Dist., Div. One.   Apr. 30, 1957.]

FRANCIS STEPHENS, Respondent, v. BAKER AND
BAKER (a Partnership) et al., Appellants.

Ralph Leon Isaacs and Albert J. McGuire for Appellants.

Marshall E. Leahy and John F. O'Dea for Respondent.

WOOD (Fred B.), J.—The sole question presented in support of this appeal is the fact that in this action for services rendered and materials furnished as a plaster contractor the complaint said nothing about plaintiff's being a licensed contractor, though he testified that he was such at all times under the state contractor's licensing act. (Bus. & Prof. Code, §§ 7000-7145) and no contradictory evidence was offered.

Defendant-appellants invoke section 7031 of the code: *"No person* engaged in the business or acting in the capacity of a contractor, *may bring or maintain any action in any court* . . . for the collection of compensation for the performance of any act or contract . . . *without alleging and proving that he was a duly licensed contractor* . . ." (Emphasis added.)

■ Defendants interposed no objection to plaintiff's testimony that he was licensed and at no time did they in the trial court mention or raise any question concerning his failure to include in the complaint an allegation that he was licensed.

Their objection comes too late when thus made for the first time upon appeal. It is like the situation which obtained in *Viglione* v. *City & County of San Francisco,* 109 Cal.App.2d 158 [240 P.2d 68]. The city contended that the writ of mandate should not have issued because the complaint failed to allege that there were moneys available to pay the plaintiff's demand. However, at the trial plaintiff's counsel announced in his opening statement that payment was being sought out of a certain appropriation and that there was money on hand to pay the claim. "An opportunity was thus afforded appellants to urge the alleged defect in the pleadings. Having declined to take advantage of the opportunity offered they cannot now be heard to complain for the first time on appeal." (Pp. 160-161.) The objection came too late because the case was tried and evidence introduced on the theory that this issue was presented by the pleadings. The court said that this "rule is based upon the principle of equitable estoppel. It is unfair for a party to withhold an objection to a pleading founded upon a defect, which, if pointed out in time might have been remedied by amendment, thereby inducing his opponent to rely upon his pleading as sufficient, until it is too late to correct the defect, in order that he may have the advantage of the fatal defect upon appeal." (P. 160 of 109 Cal.App.2d. See also *Palpar, Inc.* v. *Thayer,* 115 Cal.App.2d 333, 338 [252 P.2d 51].)

Defendants invoke *Shields* v. *Shoaff,* 116 Cal.App.2d 306 [253 P.2d 1002], and *Albaugh* v. *Moss Construction Co.,* 125

Cal.App.2d 126 [269 P.2d 936], but in each the issue was raised in the trial court and the lack of a license was shown as a fact.

Defendants claim that the pleading of a license is jurisdictional; hence, that here the trial court had no power to act. Such a contention was overruled in *Marogna* v. *Mitchell*, 104 Cal.App.2d 799 [233 P.2d 70], holding that the appellant waived the failure of respondent to plead and prove the existence of a contractor's license. He did so by failing to mention this point in his statement of grounds of appeal pursuant to rule 7(a). Said the reviewing court of sections 7026 and 7031 of the Business and Professions Code: "These sections have to do with the legality of contracts and penalties for failure to comply with the licensing requirements provided therein, not the jurisdiction of courts in the premises. It is true that a general demurrer will be sustained to a complaint by a contractor on a contract such as is described in section 7026 of the Business and Professions Code which does not allege and prove that the contractor was licensed (*Sheble* v. *Turner*, 46 Cal.App.2d 762 [117 P.2d 23]), but the insufficiency of the complaint as to its allegations does not deprive the court of jurisdiction to try the action." (P. 805.)

The requirement that a contractor plead and prove the possession of a license is for the protection of the general public in respect to the making of structural improvements to real property where special skill, training and ability are required. (*Franklin* v. *Nat C. Goldstone Agency*, 33 Cal.2d 628, 632 [204 P.2d 37]; *Bowline* v. *Gries*, 97 Cal.App.2d 741, 743 [218 P.2d 806].) If a beneficiary of such a statute chooses, as in this case, to suffer proof of the license without its first being pleaded, we are aware of no state policy that would prevent or prohibit the waiver that is thereby implied. Nor do we think the Legislature when it enacted this statute intended to proscribe any such waiver, especially in view of the policy expressed in section 4½ of article VI of the state Constitution that no judgment be set aside or new trial granted "for any error as to any matter of pleading . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (See discussion of this policy in *Rosenthal* v. *Harris Motor Co.*, 118 Cal. App.2d 403, 408-409 [257 P.2d 1034].)

In short, the statute requires the contractor to be a competent workman. It does not require him to be a better

pleader than other litigants. It does not render inapplicable the rules which normally apply to pleadings and the waiver of pleading requirements.

We could, of course, send the case back for the limited purpose of permitting plaintiff to amend to conform to proof. (See *Siemens* v. *Meconi*, 44 Cal.App.2d 641 [112 P.2d 904]; cause remanded to permit pleading and proof of the existence of a contractor's license.) That hardly seems necessary where, as here, proof has already been made and the pleading has been waived. It is not unlike the situation in which upon appeal an amendment to conform to proof will be treated as if made, when amendment would cause no injustice to the adverse party. (See 41 Am.Jur. 506, Pleading, § 310, note 8, and authorities cited.)

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.